## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| FABIAN BASINA and MIKHAIL RUIZ,      ) | |
|      ) | |
|      Plaintiffs,      ) | Case No. 2014 CV 4090 |
|      ) | |
| vs.      ) | Judge Milton I. Shadur |
|      ) | |
| SUSHI THAI,      ) | Magistrate Young B. Kim |
|      ) | |
|      Defendant.      ) | |

### ANSWER OF DEFENDANT TO PLAINTIFFS' FLSA COMPLAINT

Defendant SUSHI THAI, INC., an Illinois corporation in good standing, incorrectly sued as a proprietorship in the name of SUSHI THAI  (hereafter "Defendant"), by and through its attorneys, L. STEVEN PLATT and CLARK HILL PLC, in response to the complaint filed in this matter states as follows:

### NATURE OF THE ACTIONS

1. Plaintiff, FABIAN BASINA (hereinafter referred to as "BASINA"), alleges that under both federal and state wage laws are entitled to be paid for all hours worked and to receive overtime pay for all hours worked over forty (40) hours per week.  Plaintiff alleges that during the relevant times described herein Defendant of misclassifying the Plaintiff as "exempt" employees for the purpose of federal and state overtime law in order to save overtime wages by requiring Plaintiff to work in excess of forty (40) hours per week without paying time-and-a-half for all hours worked in excess of forty (40) hours.

### ANSWER:

To the extent that Plaintiff alleges that federal and state law requires an employer to pay overtime pay past forty (40) hours a week, Plaintiff states legal conclusions to which Defendant

does not argue. Defendant denies it misclassified Plaintiff BASINA to save overtime wages and denies it deliberately required BASINA to work in excess of forty (40) hours a week without paying him time and a half for all hours worked in excess of forty (40).

2.      Plaintiff, MIKHAIL RUIZ (hereinafter referred to as "Ruiz"), alleges that under both federal and state wage laws are [sic] entitled to be paid for all hours worked and to receive overtime pay for all hours worked over forty (40) hours per week.  Plaintiff alleges that during the relevant times described herein Defendant of failing to pay overtime wages for the purpose of federal and state overtime law in order to save overtime wages by requiring Plaintiff to work in excess of forty (40) hours per week without paying time-and-a-half for all hours worked in excess of forty (40) hours and/or failing to fulfill all duties required for Defendant to fulfill all "Tip Pool" requirements, specifically by failing to distribute tip pool funds to those in the tip pool, thereby keeping the funds for the benefit of management and/or non-tip pool employees.

**<u>ANSWER:</u>**

Defendant does not understand what is meant by the first sentence of this paragraph unless it is intended to mean that Plaintiff RUIZ is entitled to overtime pay under federal and state law in which case Defendant does not argue this legal conclusion.  However, Defendant denies it failed to pay overtime wages by requiring RUIZ to work in excess of forty (40) hours per week without paying time and a half for all hours worked in excess of forty (40) hours and denies that RUIZ failed to get the tips due him.

5.      [sic] Plaintiff, in his claim, request [sic] injunctive and declaratory relief, and compensation and credit for all uncompensated work required, suffered, and/or permitted by Defendant, liquidated and/or other damages as permitted by applicable law, restitution and payment of all benefits Defendant obtained from their unlawful business practices, and

-2-

attorneys' fees and costs.

**ANSWER:**

Defendant does not know which Plaintiff makes this request because the Plaintiff or Plaintiffs plural is or are not specified. Defendant denies that either Plaintiff is entitled to injunctive and declaratory relief and compensation and credit for work required and or that either Plaintiff is entitled to liquidated and or other damages as permitted by applicable law, restitution and payment of benefits. Defendant denies that it engaged in unlawful business practices and denies that Plaintiffs are entitled to attorney's fees.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C 1332 and 1367 because the state law claims are so related to Plaintiff's federal claims that they form a part of the same case or controversy between the parties and because the action involves a federal statute, 29 U.S.C. 216(b) and 29 U.S.C. 215(1)(3). The Plaintiff does not bring any claims under any collective bargaining agreement.

**ANSWER:**

Again, Defendant does not know which "Plaintiff" this paragraph is referring to as the Plaintiff or Plaintiffs is or are not specified. Defendant admits that if the Plaintiffs has/have a valid claim under the facts of this case pursuant to §216(b) of the Fair Labor Standards Act, then this court may within its discretion exercise its jurisdiction over the state claims under 28 U.S.C. §§ 1331 and 1337. Defendant denies that it violated the state minimum wage and overtimes laws and therefore challenges the right of this court to exercise its supplemental jurisdiction over the alleged state law claims under  28 U.S.C. §§1332 and 1337. Even if the court has federal

-3-

question jurisdiction Defendant asks this court not to exercise its pendent jurisdiction over the state claims.

7.     The Court is authorized to issue a declaratory judgment pursuant to 28 U.S.C. 2201 and 2202.

**ANSWER:**

Admitted.

8.     Venue is proper in this District. Defendant does business in Illinois and Plaintiffs worked in the State of Illinois.

**ANSWER:**

Admitted.

## THE PARTIES

9.     Plaintiffs are former employees of Defendant, who, within the applicable period of limitations prior to the commencement of this action, were unlawfully deprived of wages due and owing to them by Defendant.

**ANSWER:**

Defendant admits the Plaintiffs worked for Defendant during the three year period of the filing of this lawsuit. Defendant denies that the Plaintiffs were unlawfully deprived of wages due and owing them by Defendant.

10.     Defendant, Sushi Thai is a retail restaurant with at least two locations in the Northwest suburbs of Chicago.

**ANSWER:**

Admitted.

11.     Plaintiff notes that both locations operate as one entity, as demonstrated by the

-4-

work at both locations by Plaintiff Ruiz.

**ANSWER:**

Denied. Defendant demands strict proof thereof.

## STATEMENT OF FACTS REGARDING MISCLASSIFICATION
## CLAIMS FOR PLAINTIFF BASINA

**A.**     **Defendant's Compensation Practices Require Plaintiff to Work in Excess of Forty (40) Hours Per Work Week Without Being Paid Time-and-a-Half**

17.     [sic] Plaintiff BASINA was employed by Defendant as a chef/cook/sushi maker.

**ANSWER:**

Denied. Plaintiff BASINA was employed as prep cook in the kitchen, then as a sushi apprentice.

Plaintiff was never employed as a chef, cook or sushi maker.

18.     It is and was at all relevant times, a policy of Defendant that employees which

Defendant claimed as "exempt" required to work over 40 hours per week.

**ANSWER:**

Denied. Defendant demands strict proof thereof.

19.     Plaintiff BASINA was typically scheduled and set tasks requiring work of at

least 50-60 hours per week.   Plaintiff worked more than 60-70 hours per week on many

occasions.

**ANSWER:**

Denied. Defendant demands strict proof thereof.

20.     Plaintiff BASINA was paid on a fixed salary "per day" of work and classified as

"exempt" employees by Defendant. However, Plaintiffs had nominal, if any, time and

responsibility to exempt duties.

-5-

**ANSWER:**

Defendant admits that Plaintiff BASINA was paid on a fixed salary per week and was classified exempt under the direct family member and professional/creative exemptions under the FLSA.

      21.    The vast majority of Plaintiff BASINA's duties entailed non-managerial work, none of which involved the exercise of actual authority.

**ANSWER:**

Defendant admits that BASINA's duties did not entail managerial work or the exercise of actual authority but as a sushi apprentice was learning a professional/creative skill as defined by the FLSA.

      22.    Defendant required employees to work in excess of forty (40) hours per week without any additional compensation beyond the "per day" fixed salary.

**ANSWER:**

Denied. Defendant demands strict proof thereof.

      23.    Plaintiff is not "exempt" employee under applicable law.

**ANSWER:**

Denied. Defendant demands strict proof thereof.

      24.    Plaintiff BASINA's non-managerial job responsibilities and workload overwhelmed any executive, administrative or strategic duties and thereby do not constitute an exempt class of employees.

**ANSWER:**

Defendant does not claim any executive, administrative or strategic exemptions under the FLSA.

-6-

25.     The Defendant's unlawful conduct was and is not inadvertent, *de minimus*, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting all Defendant' [sic] employees.

**ANSWER:**

Defendant denies that it engaged in a widespread, repeated pattern and practice of conduct unlawfully affecting all of Defendant's employees in violation of the FLSA.

        **B**.     **Defendants' Actions were Willful, Knowledgeable and/or Had Reckless Disregard for FSLA Regulations**

27.     [sic] Defendants required and permitted Plaintiffs to work more than 40 hours in a week. Defendant did not pay Plaintiff [sic] for all of these overtime hours, which should have been paid at the rate of one-and-a-half times the regular rate of pay.

**ANSWER:**

Defendant does not know which Plaintiff the second sentence of this paragraph refers to. If it is intended to refer to both Plaintiffs, then Defendant denies that it willfully committed overtime violations and demands strict proof thereof.

28.     Defendant failed to maintain records regarding the Plaintiff's work hours.

**ANSWER:**

Defendant does not know which Plaintiff this paragraph refers to. If it refers to both Plaintiffs, then this paragraph is denied and Defendant demands strict proof thereof.

29.     Defendant had actual knowledge and/or constructive knowledge of the hours worked by Plaintiff was in excess of forty (40) hours and beyond their "scheduled" hours.

**ANSWER:**

Defendant does not know which Plaintiff this paragraph refers to.  If  it refers to both Plaintiffs, then

this paragraph is admitted as Defendant had knowledge of the hours that the Plaintiffs worked. Defendant does not admit that it committed a willful violation of the FLSA.

30.    Defendants' unlawful conduct has been uniform, widespread, repeated and consistent and occurs nationwide.

**ANSWER:**

Defendant does not understand this paragraph as it refers to Defendants plural and there is only one Defendant in this case. Furthermore it talks about conduct nationwide which makes no sense as Defendant has only two restaurants in the northwest suburbs and does not operate nationwide. As for whether Defendant's conduct was uniform, widespread, repeated and consistent, if these allegations are intended to make a claim for willful violations of the FLSA by Defendant, Defendant denies these allegations and demands strict proof thereof.

31.    Defendants' conduct, as set forth above, has been willful and in bad faith, and has caused significant damages to the Plaintiff.

**ANSWER:**

Defendant does not know which Plaintiff is being referred to in this paragraph. If Plaintiff is intended to refer to both Plaintiffs, then Defendant denies that it engaged in any willful and bad faith violations of the FLSA causing damages to the Plaintiffs and demands strict proof thereof.

32.    All allegations and claims alleged herein should be read in the alternative, to the extent such an interpretation is necessitated by law and permitted under Federal Law, Illinois Law and other state laws.

**ANSWER:**

Defendant does not know which allegations Plaintiffs are referring to and therefore Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations

-8-

contained in this paragraph.

33.     All allegations plead herein are plead with personal knowledge as to those allegations to which Plaintiff has such knowledge and based upon "information and belief" as to all other allegations.

**ANSWER:**

Defendant does not know which allegations in the Complaint this paragraph refers to are pled with personal knowledge and which referred to are pled on information and belief and therefore lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

**FACTUAL STATEMENTS REGARDING WORK DUTIES AND EXEMPT STATUS**

34.     Plaintiff BASINA's job duties and responsibilities were overwhelmingly menial tasks, mostly involved preparing food, cooking food, cleaning, and other kitchen duties.

**ANSWER:**

Defendant admits that at some point during Plaintiff BASINA's employment at Defendant he was involved working as a prep cook in the kitchen but his tasks were not menial and he eventually trained as a sushi apprentice which was a skilled, professional/creative position.

35.     99-100% of Plaintiff BASINA's job duties were limited to cooking and serving food.

**ANSWER:**

Denied.  Defendant demands strict proof thereof.

36.     Plaintiff's primary duty was "manual work" in that he cooked, prepped and

-9-

served food the vast majority of his work time.

**ANSWER:**

Denied. Defendant demands strict proof thereof.

37.     Plaintiff BASINA had little to no actual authority or decision making power and/or exercised no discretion and no independent judgement [sic].

**ANSWER:**

Admitted.

38.     Plaintiff's few decisions were not into matters of significance.

**ANSWER:**

Admitted.

39.     All allegations and claims alleged herein should be read in the alternative, to the extent such an interpretation is necessitated by law.

**ANSWER:**

Defendant does not know which allegations Plaintiffs are referring to and therefore Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

40.     All allegations and claims alleged herein are stated upon personal information and knowledge; those not so known are stated based upon information and belief.

**ANSWER:**

Defendant does not know which allegations in the Complaint this paragraph refers to are pled with personal knowledge and which referred to are pled on information and belief and therefore lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

-10-

41.     IMWL 820 ILCS 105/4a defines "exempt" employees as any employee:

a. Any employee employed in a bona fide executive, administrative or professional capacity, including any radio or television announcer, news editor, or chief engineer, as defined by or covered by the Federal Fair Labor Standards Act of 1938 and the rules adopted under that Act, as both exist on March 30, 2003, but compensated at the amount of salary specified in subsections (a) and (b) of Section 541.600 of Title 29 of the Code of Federal Regulations as proposed in the Federal Register on March 31, 2003 or a greater amount of salary as may be adopted by the United States Department of Labor. For bona fide executive, administrative, and professional employees of not-for-profit corporations, the Director may, by regulation, adopt a weekly wage rate standard lower than that provided for executive, administrative, and professional employees covered under the Fair Labor Standards Act of 1938, as now or hereafter amended.

**ANSWER:**

Defendant admits the statute says what it says but denies that it violated the statute.

42.     IMWL allows for actions to be brought for three years.

**ANSWER:**

Defendant admits the IMWL says what it says but Defendant denies it did anything justifying a three year statute of limitations in this case and demands strict proof thereof.

43.     During the IMWL claim period, Defendant classified Plaintiffs as "exempt" employees.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

44.     During the IMWL claim period, Plaintiff never performed the duties which would qualify Plaintiffs as "exempt" employees pursuant to 820 ILCS 105/4a.

-11-

**ANSWER:**

As the allegations in this paragraph contain legal conclusions, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein.

45.     Defendant derived benefits by classifying Plaintiff as "exempt" employees in that they failed to pay Plaintiffs time-and-a-half for all hours worked in excess of forty (40) hours per pay period. Nor did the misclassified employees receive adequate employer contributions for FICA and other employer payroll taxes.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein.

46.     As a result of the foregoing, Plaintiff BASINA has been damaged in an amount to be determined at trial.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein.


### STATEMENT OF FACTS REGARDING OVERTIME AND TIP POOL CLAIMS FOR PLAINTIFF RUIZ

**A.     Defendant's Compensation Practices Require Plaintiff to Work in Excess of Forty (40) Hours Per Work Week Without Being Paid Time-and-a-Half**

48.     [sic] Plaintiff Ruiz was employed by Defendant as a waiter.

**ANSWER:**

Defendant admits that Plaintiff RUIZ was employed as a server.

-12-

49.     It is and was at all relevant times, a policy of Defendant that employees which Defendant claimed as "non-exempt" and required to work over 40 hours per week.

**ANSWER:**

Denied. Defendant demands strict proof thereof.

50.     Plaintiff Ruiz was typically scheduled and set tasks requiring work of at least 50-60 hours per week. Plaintiff worked more than 60-70 hours on many occasions.

**ANSWER:**

Denied. Defendant demands strict proof thereof.

51.     Plaintiff Ruiz was paid on a fixed salary "per day" of work and classified as "non-exempt" employees by Defendant. However, Plaintiffs s had nominal, if any, time and responsibility to exempt duties.

**ANSWER:**

Denied. Defendant demands strict proof thereof.

52.     Defendant required employees to work in excess of forty (40) hours per week without any additional compensation beyond the "per day" fixed salary and/or a share of tips.

**ANSWER;**

Denied. Defendant demands strict proof thereof.

53.     Plaintiff is not "exempt" employee under applicable law.

**ANSWER:**

As this paragraph contains a legal conclusion Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

54.     Plaintiff Ruiz's non-managerial job responsibilities and workload overwhelmed any executive, administrative or strategic duties and thereby do not constitute an exempt class of

-13-

employees.

**ANSWER:**

As this paragraph contains legal conclusions Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

55.     The Defendant's unlawful conduct was and is not inadvertent, de minimus, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting all Defendant' employees.

**ANSWER:**

Defendant does not know which law or laws Plaintiff is referring to in this paragraph. However, Defendant denies that it intentionally violated the law and demands strict proof thereof.

56.     Plaintiffs are employed by QUICK TEST as an employees of the Defendant who work beyond forty hours, but for which Defendants failed to pay overtime at the proper and correct rate of pay.

**ANSWER:**

Denied. Plaintiffs worked for Defendant not an entity known as QUICK TEST. Defendant denies it failed to pay Plaintiffs the proper and correct rate of pay.


## FAILURE TO PAY OVERTIME RATE OF PAY CORRECTLY

57.     Plaintiff Ruiz worked as an hourly none-exempt [sic] employee.

**ANSWER:**

As this paragraph states a legal conclusion Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

58.     Plaintiffs were paid a "per day" rate of pay for all hours worked less than 40

-14-

hours.

**ANSWER:**

Denied. Defendant demands strict proof thereof.

59.    Plaintiffs was [sic] not paid at an overtime rate for all hours over 40 hours

**ANSWER:**

Denied. Defendant demands strict proof thereof.

60.    However, Plaintiffs ALSO received additional NON-discretionary compensation, in the form of earned tips, bonuses, incentive pay, and/or commissions.

**ANSWER:**

Denied in part and admitted in part. Plaintiff RUIZ received tips. Plaintiff BASINA as a sushi apprentice did not receive tips. Neither Plaintiff received bonuses, incentive pay or commissions.

61.    These payments were based on a performance formula which promised if Plaintiff earned tips, he would share in those tips.

**ANSWER:**

Denied. Defendant demands strict proof thereof.

62.    Thus the added payments to employees by Defendants is not discretionary, thus should be included in the calculation of the rate of pay for overtime wages.

**ANSWER:**

Denied. Defendant demands strict proof thereof.

63.    The FLSA defines the "regular rate" as **all remuneration** for employment paid to or on behalf of the employee, before any deductions from wages are made. (See 29 U.S.C. §207(e); 29 C.F.R. §778.109.) (emphasis added).

**ANSWER:**

-15-

Defendant admits the statute says what it says but denies it did anything to violate the statute and demands strict proof thereof.

### Defendants' Actions were Willful, Knowledgeable and/or Had Reckless Disregard for FSLA Regulations

64.     Defendants required and permitted Plaintiffs to work more than 40 hours in a week. Defendant did not pay Plaintiff for all of these overtime hours, which should have been paid at the rate of one-and-a-half times the regular rate of pay.

**ANSWER:**

Denied. Defendant demands strict proof thereof.

65.     Defendant failed to maintain records regarding the Plaintiff's work hours.

**ANSWER:**

Defendant does not know which Plaintiff is being referred to and thereby lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

66.     Defendant had actual knowledge and/or constructive knowledge of the hours worked by Plaintiff was in excess of forty (40) hours and beyond their "scheduled" hours.

**ANSWER:**

Defendant does not know which Plaintiff is being referred to and thereby lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

67.     Defendants' unlawful conduct has been uniform, widespread, repeated and consistent and occurs nationwide.

-16-

**ANSWER:**

Denied. There is only one Defendant in this case and Defendant does not conduct business nationwide. Defendant denies that its conduct was a willful violation of the FLSA.

68. Defendants' conduct, as set forth above, has been willful and in bad faith, and has caused significant damages to the Plaintiff.

**ANSWER:**

Denied. Defendant demands strict proof thereof.

69. All allegations and claims alleged herein should be read in the alternative, to the extent such an interpretation is necessitated by law and permitted under Federal Law, Illinois Law and other state laws.

**ANSWER:**

Defendant does not know which allegations Plaintiffs are referring to and therefore Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

70. All allegations plead herein are plead with personal knowledge as to those allegations to which Plaintiff has such knowledge and based upon "information and belief" as to all other allegations.

**ANSWER:**

Defendant does not know which allegations in the Complaint this paragraph refers to are pled with personal knowledge and which referred to are pled on information and belief and therefore lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

201080359.1 46918/175774

## FIRST CLAIM FOR RELIEF
### Over Time Wages
### Under the Illinois Minimum Wage Law "IMWL"

71.     Plaintiff realleges and incorporates by reference all the preceding paragraphs, as if fully set forth herein.

**ANSWER:**

Defendant realleges and incorporates by reference all the preceding paragraphs, as if fully set forth herein.

72.     Plaintiffs were both employees of the Defendant pursuant to the IMWL and were not paid overtime wages owed to them, and/or not paid at the proper rate of pay for all overtime work.

**ANSWER:**

As the statements in this paragraph contain legal conclusions, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein.

73.     Defendants unlawful conduct was and is not inadvertent, de minimus, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting Plaintiff.

**ANSWER:**

There is only one Defendant in this case. Defendant does not know what is meant by Defendants plural. Defendant denies it did anything to intentionally violate the law.

74.     As a result of the foregoing, Plaintiff has been damaged in an amount to be determined at trial.

**ANSWER:**

Defendant denies that it did anything to cause damage to Plaintiff and demands strict proof

-18-

thereof.

75.     Illinois law contains a three-year statute of limitations regardless of whether the violation was willful. 820 ILCS 105/12(a).

**<u>ANSWER:</u>**

Defendant admits the IMWL says what it says but Defendant denies it did anything justifying a three year statute of limitations in this case and demands strict proof thereof.

WHEREFORE, Plaintiff respectfully request that this Honorable Court enter judgment in his favor as follows:

A.      For a judgment for all back wages due, as provided by the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*;

B.      Liquidated damages in accordance with the IMWL.

C.      Consequential damages;

D.      An injunction requiring Defendants to pay all statutorily-required wages pursuant to Illinois Law;

E.      Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq* and supporting Illinois Department of Labor regulations;

F.      Attorneys' fees

G.       and costs of this action; and

H.      Pre-Judgment Interest as per 815 ILCS 205/2

I.      Damages equal to 2% of the amount of any wage underpayments as per 820 ILCS 105/12a.

J.      Such other relief as this Court shall deem just and proper

-19-

**ANSWER:**

Defendant denies that Plaintiffs are entitled to any relief under this Count and demand strict proof thereof.

### SECOND CLAIM FOR RELIEF
**FLSA Claims For Overtime Wages**

76.    Plaintiffs reallege and incorporate by reference all paragraphs contained in this complaint, as if fully set forth herein.

**ANSWER:**

Defendant realleges and incorporates by reference all the preceding paragraphs, as if fully set forth herein.

77.    At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant has employed, and continues to employ, "employee[s]," and continue to be, engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant has had gross operating revenues in excess of Five Hundred Thousand and no/100 Dollars ($500,000.00).

**ANSWER:**

As the allegations of this paragraph contain legal conclusions, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph. Defendant admits it was an employer and had employees as those terms are commonly used and had gross operating revenues in excess of Five Hundred Thousand and no/100 Dollars ($500,000.00) in each of the last three years prior to the filing of this lawsuit.

78.    At all relevant times, Defendant has engaged, and continue to engage, in a willful policy, pattern, or practice of requiring or permitting their employees, including the Plaintiffs

employed by Defendant, to misclassify employees as "exempt" employees in order to require exempt to perform work in excess of forty (40) hours per week without compensating such employees for work performed at the applicable rate.

**ANSWER:**

Defendant denies it did anything willful to violate the FLSA with respect to the Plaintiffs and demands strict proof thereof.

79.    At all relevant times, the work performed by Plaintiff was required or permitted by Defendant, for the benefit of Defendant, directly related to such employees' principal employment with Defendant, and as an integral and indispensable part of such employees' employment of Defendant.

**ANSWER:**

Defendant does not know which Plaintiff is being referred to in this paragraph. If it is intended to refer to both Plaintiffs then Defendant admits that the Plaintiffs performed work for the benefit of Defendant.

80.    As a result of the Defendant's willful failure to record or compensate Plaintiff for all hours worked, Defendant have violated, and continue to violate, the maximum hours provision of the FLSA, 29 U.S.C. § 207(a)(1), and § 215(a).

**ANSWER:**

Defendant does not know which Plaintiff is being referred to in this paragraph. If it is intended to refer to both Plaintiffs then Defendant denies it engaged in a willful failure to record or compensate the Plaintiffs for all hours worked or that it violated and continues to violate the stated provision of the FLSA.

81.    As a result of the Defendant's willful failure to record, report, credit, and/or compensate Plaintiff, Defendant has failed to make, keep and preserve records with respect to

-21-

each of their employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, including 29 U.S.C. §§211(c) and §§ 215(a).

**ANSWER:**

Defendant does not know which Plaintiff is being referred to in this paragraph. If it is intended to refer to both Plaintiffs then Defendant denies it engaged in a willful failure to record or compensate the Plaintiffs for all hours worked or that it violated and continues to violate the stated provision of the FLSA.

82.     The foregoing conduct, as alleged, violated the FLSA, 29 U.S.C. §§ 201 *et seq.*

**ANSWER:**

Defendant denies that its conduct violated the FLSA and demands strict proof thereof.

83.     Plaintiff seeks damages in the amount of his respective unpaid compensation, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

**ANSWER:**

Defendant does not know which Plaintiff is being referred to in this paragraph. If this paragraph is intended to refer to both Plaintiffs the Defendant acknowledges that Plaintiffs seek the remedies sought but denies that it did anything that justify the damages being sought by the Plaintiffs and demands strict proof thereof.

84.     Plaintiff [sic] seek recovery of attorneys' fees and costs of action to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

**ANSWER:**

Defendant acknowledges that Plaintiffs seek the remedies sought by denies that it did anything that justify the damages being sought by the Plaintiffs and demands strict proof thereof.

85.     Plaintiff has consented to be a party to this action, pursuant to 29 U.S.C. § 216(b).

-22-

**ANSWER:**

Defendant does not know which Plaintiff has allegedly consented to be a party to this action pursuant to 29 U.S.C. § 216(b) as the Plaintiff is not specified by name. Defendant further demands strict proof thereof and asks that the court strike the collective allegations under § 216(b) as no consent form has been signed and attached to the Complaint by either Plaintiff.

86.     At all times relevant to this action, Plaintiffs were employed by Defendant within the meaning of the FLSA.

**ANSWER:**

As the allegations of this paragraph contain legal conclusions, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

87.     At all times relevant to this action, Plaintiffs were engaged in commerce and/or the production of goods for commerce and/or Defendant were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

**ANSWER:**

As the allegations of this paragraph contain legal conclusions, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

88.     Due to Defendant's FLSA violations, Plaintiff is entitled to recover from Defendant their unpaid compensation, an additional equal amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

-23-

**ANSWER:**

Defendant admits that if there is a violation of the FLSA, that Defendant is required to pay damages as set forth in 29 U.S.C. § 216(b) but denies that it did anything that would justify an award of damages under this section against it.

WHEREFORE, Plaintiff, prays for the following relief:

A. Unpaid wages and liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting United States Department of Labor regulations;

C. Unpaid regular wages, , and overtime wages pursuant to the FLSA and USDOL regulations;

D. Compensation originating from Defendants company policies, contractual obligations owed as a result of unpaid overtime wages;

E. An injunction requiring Defendants to pay all statutorily-required wages pursuant to FLSA and USDOL regulations;

F. An injunction requiring Defendants to pay all statutorily-required wages;

G. Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 et seq. and supporting Illinois Department of Labor regulations and other state wage laws;

J. Attorneys' fees and costs of this action; and

K. Such other relief as this Court shall deem just and proper.

Legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of the FLSA, including without limitation employment, reinstatement, promotion, the payment of wages lost and an additional equal amount as liquidated damages, and damages for mental and emotional stress.

-24-

M.    Civil remedies include all unpaid compensation, mandatory

liquidated damages (equal to the amount of the unpaid compensation) and attorneys' fees.

29 U.S.C. § 216(b).

**ANSWER:**

Defendant denies that Plaintiffs are entitled to any relief whatsoever under this Count.

### THIRD Claim for Relief
### FLSA/IWML CLAIMS FOR TIP POOL VIOLATIONS

89.    Plaintiff realleges and incorporate by reference all paragraphs contained

in this complaint, as if fully set forth herein.

**ANSWER:**

Defendant realleges and incorporates by reference all the preceding paragraphs, as if fully set

forth herein.

90.    Plaintiff Ruiz also pleads violations of tip pool regulations.

**ANSWER:**

Defendant acknowledges that Plaintiff RUIZ pleads violations of the tip pool but as this

allegation lacks the specificity required under the Supreme Court decisions in *Ashcroft v.*

*Iqbal,* 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. (2007), Defendant

lacks knowledge or information sufficient to form a belief about the truth of the allegations

contained in this paragraph.

91.    Plaintiff Ruiz was required to pay into a tip pool, which was to be shared with

employees that regularly and customarily receive tips, and Plaintiff Ruiz was told this included

the sushi makers, however, Plaintiff BASINA has stated he never received these tip pool

funds, therefore the funds were not paid to those in the tip pool.

-25-

**ANSWER:**

Denied. Defendant denies the allegations in this paragraph and demands strict proof thereof.

92.     It is alleged that members of management partook in the tip pool funds, and/or benefited from those funds.

 **ANSWER:**

 Denied. Defendant denies the allegations in this paragraph and demands strict proof thereof.

93.     Plaintiff alleges that Defendant failed to fulfill all other tip pool regulations.

**ANSWER:**

Defendant acknowledges that Plaintiff RUIZ pleads other violations of tip pool regulations but as this allegation lacks the specificity required under the Supreme Court decisions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. (2007), Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

94.     This claim is also brought under the Illinois Minimum Wage Act.

**ANSWER:**

Defendant acknowledges that Plaintiff RUIZ pleads violation the Illinois Minimum Wage Act but as this allegation lacks the specificity required under the Supreme Court decisions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. (2007), Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

    **WHEREFORE**, Plaintiff, prays for the following relief:

    A.     Unpaid wages and liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting United States Department of Labor regulations;

-26-

B.      Repayment of all funds paid into the tip pool by Plaintiff

C.      Repayment of wages due to the loss of the benefit of the tip pool, i.e.: payment of the difference from tip pool wages and minimum wages under Illinois law and federal law.

C.      Unpaid regular wages, and overtime wages pursuant to the FLSA and USDOL regulations;

D.      Compensation originating from Defendants company policies, contractual obligations owed as a result of unpaid overtime wages;

E.      An injunction requiring Defendants to pay all statutorily-required wages pursuant to FLSA and USDOL regulations;

F.      An injunction requiring Defendants to pay all statutorily-required wages;

G.      Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq.* and supporting Illinois Department of Labor regulations and other state wage laws;

J.      Attorneys' fees and costs of this action; and

K.      Such other relief as this Court shall deem just and proper.

L.      Legal or equitable relief as may be appropriate to **e**ffectuate the purposes of section 215(a)(3) of the FLSA, including without limitation employment, reinstatement, promotion, the payment of wages lost and an additional equal amount as liquidated damages, and damages for mental and emotional stress.

M.      Civil remedies include all unpaid compensation, mandatory liquidated damages (equal to the amount of the unpaid compensation) and attorneys' fees. 29 U.S.C. § 216(b).

-27-

**ANSWER:**

Defendant denies that Plaintiffs are entitled to any relief whatsoever under this Count.


July 8, 2014

Respectfully submitted,
CLARK HILL PLC


By:  ___/s/__ L. Steven Platt_____
L. Steven Platt, Esq. (3122005)
150 N. Michigan Avenue
Suite 2700
Chicago, IL 60601
Phone: (312) 985-5943
Fax: (312) 985-5999
Email: splatt@clarkhill.com

*Attorneys For Sushi Thai Inc., an Illinois
Corporation, incorrectly sued as Sushi
Thai, a proprietorship*

-28-