# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **FABIAN BASINA** and **MIKHAIL RUIZ**, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 14 C 4090 |
| ) | |
| **SUSHI THAI**, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This Court has, to this point, deferred ruling on the part of a motion by defendant Sushi Thai (Dkt. No. 39[1]) that sought leave to file amended responses to the huge volume of requests to admit that had been posed by counsel for coplaintiffs Fabian Basina and Mikhail Ruiz. That deferral was prompted by the anticipated submission of a proper Amended Answer by Sushi Thai (leave to file such an amended pleading was also sought in Dkt. No. 39 and had been granted by this Court). Now counsel for Sushi Thai has submitted a properly revised Amended Answer to be presented for filing on October 2, and this Court has reviewed the pending motion related to the requests to admit in light of the parties' early memoranda and the newly-received Amended Answer.

Plaintiffs' counsel is sharply critical of Sushi Thai's lawyer for not having earlier realized the erroneous premise on which both the original Answer and the responses to the multitudinous

---

[1] Dkt. No. 39 was a corrected copy of earlier-filed Dkt. No. 32, which should then have been denied on the ground of mootness. To clear the record, Dkt. No. 32 is now ordered denied on that ground.

- 1 -

requests to admit were based.[2]  But when the chaff is winnowed away, the vital seed that remains is that a trial predicated on the current answers to plaintiffs' requests to admit would be divorced from the actual facts, an impermissible prospect in a legal system devoted to a search for truth.

That does not mean, however, that Sushi Thai's request to amend its answers to the current requests to admit should simply be granted.  After all, those requests were drafted in reliance on a version of the facts that, though advanced by Sushi Thai's lawyer in good faith, is now known to have been mistaken.  If plaintiffs' counsel decides to continue using requests to admit as a litigation measure, he is undoubtedly going to recast many (if not all) of them in light of what is now known.

Indeed, it would seem that the litigants might be better advised to pursue a different path -- for example, by jointly memorializing the agreed-upon facts as to the compensation paid to each plaintiff (say by preparing a table stipulating to those payments and reflecting the parties' agreement or disagreement on the hours spent during each pay period).  This Court of course leaves the matter to counsel for the parties, whose goal should be to devise a means that would be most useful in providing the latticework on which each side could hang its legal arguments at trial.

---

[2] Dkt. No. 34, which was filed as plaintiffs' response to Sushi Thai's now-superseded Dkt. No. 32 but has remained viable in opposition to Sushi Thai's Dkt. No. 39 (see n.1), unloads heavily on Sushi Thai's counsel for his handling of the case in several respects.  Although portions of that criticism may perhaps be justified, advocates should realize that such ad hominem attacks usually tend to direct attention from the attacking counsel's substantive arguments on the merits.  Moreover, any criticism by plaintiffs' counsel based on undue delay by his adversary has to be viewed somewhat askance:  It was plaintiffs' counsel who, having filed this action at the beginning of June 2014, conducted no discovery at all for nearly nine months and even then filed an odd and needless motion seeking leave to conduct discovery (see this Court's February 25, 2015 memorandum order, Dkt. No. 16).

It is of course regrettable that so much time and effort were expended by both sides on what has since been learned to be a mistaken understanding of the facts. That is all the more reason, however, for the consideration of other alternatives. In the meantime the pending Sushi Thai motion is denied for the reasons that have been stated here.

_____
Milton I. Shadur
Senior United States District Judge

Date: September 29, 2015