# IN THE UNITED DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

FABIAN BASINA and MIKHAIL RUIZ )
)
) Case No. 14- CV 4090
          **Plaintiffs,** )
) Hon. Andrea R. Wood
vs. )
)
)
) **JURY TRIAL DEMANDED**
SUSHI THAI, ) **ON ALL COUNTS**
)
          **Defendant.** )

## REASSIGNMENT STATUS REPORT

**Nature of the Case**

   A. Identify the attorneys of record for each party, including the lead trial attorney.

**For Plaintiffs:**

**John C. Ireland**
**The Law Office Of John C. Ireland**
**636 Spruce Street**
**South Elgin ILL    60177**
**630-464-9675**
**Facsimile 630-206-0889**
 **atty4employees@aol.com**
**Attorney Number # 628137**

**For Defendant:**

L. Steven Platt
Robbins, Salomon & Patt, Ltd.
180 N. LaSalle, Suite 3300
Chicago IL 60601
(312) 782-9000
lsplatt@rsplaw.com
Attorney No. 3122005

    B. Identify any parties that have not yet been served.
**None.**

    C. State the basis for federal jurisdiction.

**Plaintiffs plead claims under Federal Statute, the Fair Labor Standards Act (FLSA).**

    D. Describe generally the nature of the claims asserted in the complaint, any counterclaims, and the relief sought.

**Plaintiffs bring claims for owed wages. Both Plaintiffs claim off-the-clock work. Plaintiff Ruiz also presented claims of failure to support Defendant claims of Tip-Rate Exemption. Also at issue is possible Tolling of claims, as Plaintiff alleges that the Defendant failed to post any required FLSA/IMWL notices.**

**While Plaintiff Basina initially plead misclassification, Defendant has claimed he was paid hourly, thus the issue is now if he was paid for all hours including overtime work hours.**

    E. State the major legal and factual issues in the case.

**Legal and factual issues are determination if Plaintiffs are owed wages for time they worked "Off-The-Clock" and determination if Defendant failed to post the required regulations relating to wages, which would increase the period of time for which the Plaintiffs could present claims.**

**2. Discovery and Other Proceedings to Date**

    A. State whether the case is subject to the Mandatory Initial Discovery Pilot Program and, if so,

**Case is not subject to this Program.**

    B. Briefly describe the discovery that has been taken, the discovery that remains to be taken, and any operative schedule governing discovery. Also indicate whether the parties believe that they will be able to complete discovery according to the deadlines in the operative discovery schedule.

**All discovery is completed. Written discovery was issued and answered by both parties. Plaintiffs took Depositions of two witnesses.**

Briefly describe all pending motions, including the date the motions and associated briefs were filed (or the briefing schedule, if briefing has not yet been completed).

**None at this time.**

    C. Briefly summarize all substantive rulings that have been issued in the case.

**On November 21, 2016 His Honor Milton Shadur Entered Judgment for Plaintiff Ruiz based on Plaintiff's Motion for Summary Judgment. (See Judge Milton Shadur's Order of 11/21/16, Docket Document # 88). His Honor Judge Shadur entered an Order, finding that Plaintiff Ruiz was owed wages based on Defendants failures to support their claims of "tip rate exemption". (Id at page 10).**

**3. Trial**

    A. State whether there has been a jury demand.

**Plaintiffs filed a Demand for Jury Trial.**

    B. State whether a trial date has been set; if not, provide the date by which the parties anticipate being ready for trial.

**No trial date had been set, as Judge Shadur was unable to hold a PTO conference to set the date.**

    C. State whether a final pretrial order has been filed; if not, state whether there is a deadline for filing a final pretrial order.

**A Pretrial Order was provided to Judge Shadur. However, as per his Orders Jury Instructions and Motions In Lim were not filed.**

    D. Estimate the length of the trial.

**Plaintiff estimates the trial would last 2 – 3 days**
**Defendant believes with a jury the case will take 3 days**

**4. Referrals and Settlement**

    A. State whether the case has been referred to the Magistrate Judge for discovery supervision, a settlement conference, and/or any other purpose.

**The parties were referred to the Magistrate for settlement conference, however, the conference did not occur due to withdrawal by Plaintiffs, due to a number of issues especially Defendant demand for Plaintiff Basina to appear in person, as he resides out of state.**

    B. State whether any settlement discussions have occurred and describe the status of any such settlement discussions.

**Numerous settlement discussions have occurred beginning shortly after filing of the claims in 2014 and continuing until the failed conference in June of 2016. Defendant has also offered to pay the Judgment won by Plaintiff Ruiz, however, Defendant has failed to make any such payments.**

    C. State whether the parties believe that a settlement conference would be productive at this time.

**Plaintiffs are willing to attend a conference, if the attendance by Plaintiff Basina is allowed via telephone.**

**Defense counsel had agreed to a pretrial settlement conference with Judge Shadur that was supposed to be attended by attorneys only and would be willing to do that with this court as well.**

**PLAINTIFFS ASK THE COURT TO DISREGARD THE NEXT SECTION OF THIS STATUS REPORT AS PLAINTIFFS' VIEW THE NEXT SECTION AS DEFENDANT ATTEMPTING TO IMPROPLY INFUSE SUBSTANTIVE ARGUMENT IN A STATUS REPORT. PLAINTIFFS ARE PREJUDICED BY THE DEFENDANTS INSISTANCE IN ADDING THE BELOW ARGUMENTS AND THE TIMING WHICH PRECLUDES PLAINTIFFS THE SAME OPPORTUNTY; GIVEN THE TIME AVAILABLE AND DEADLINE FOR THIS REPORT. DEFENDANT COUNSEL REFUSED ALL REQUESTS TO REMOVE THE ARGUMENT, AND CONTINUED TO ADD MORE ARGUMENT EACH TIME THE REPORT WAS SUBMITTED TO DEFENDANT COUNSEL.**

**If the case is to go forward, defense counsel wishes to file a motion for reconsideration on the Summary Judgment ruling as Judge Shadur based his ruling on an incorrect assumption of facts; evidence that would have disabused him of the basis of his decision would have been presented to him in a motion for reconsideration if we had been unsuccessful in resolving this case to show him there was a factual basis for him to have denied summary judgment to Ruiz if we had known he was going to go off in that direction with is analysis, independent of the submissions in support and opposition to Plaintiff's motion. The court's decision also did not good as it did not fully dispose of all issued relating to Plaintiff Ruiz unless Ruiz is now abandoning the remainder of his case in which case we wish to immediately appeal the ruling in that portion of this case.**

**Plaintiffs' would object to any Motions to Reconsider as untimely. Plaintiffs would also object that a Motion to reconsider ten months after the Ruling and only brought upon re-assignment (mentioned for the first time after Judge Shadur retirement is announced) now has the very strong inference of "Judge shopping".**

**In addition, Defendant has made multiple offers of judgment which have been rejected in this case by both plaintiffs and will do so again prior to trial.**

**Plaintiffs note the offers of Judgment were insufficient, as shown by the damages resulting from Plaintiff Ruiz's Judgment alone. Plaintiff Ruiz's Judgement, by Plaintiffs' counsel valuation, is greater than both offers combined and Defendants Offers never included Fees which also eclipse any offer made to date.**

**This Court is compelled to conclude that Sushi Thai has not met its burden to demonstrate compliance with Section 203(m) and Illinois Law § 4 and is therefore not entitled to offset minimum wage with a tip credit.**

Defendants disagree. Defendants were going to file a motion for reconsideration because Judge Shadur in our opinion seems to have decided the partial summary judgment motion based on a misunderstanding of what the facts were. He ruled that the tip credit was not properly established as a defense because a 5% credit card processing fee was deducted from the tips of the servers, but that Sushi Thai had nothing other than a naked say-so that this is correct. That is not right. We cited as support page 79 of a deposition but Judge Shadur went to another part of the deposition taking it out of context to say that the same witness "has no idea the amount that Credit Card processing fees are." *Basina v. Sushi Thai,* 2016 WL 6833921, Case No. 14 C 4090 *4 (N.D.Ill. November 21, 2016). There is other evidence to support this method namely the fact that it was established by the owner Cathy Nakanant whose deposition was not referred to because we did not perceive Judge Shadur going off in this direction on the motion on his own. Further, Judge Shadur incorrectly held the defendant to the standard of proving its defense rather than giving the defendant the non-moving party the benefit of the doubt. He cited, *Employers Ins. of Wausau v. Bodi-Wachs Aviation Ins. Agency,* 846 F.Supp. 677, 685 (N.D. Ill. 1994) and stated that we were required to "wheel out all its artillery to defeat" the motion for summary judgment when the standard is not that.

Summary judgment is appropriate only when the record, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). Judge Shadur did not even give lip service to this standard in his decision.

There is no judge shopping – the delays were caused by the fits and stops on the setting of the pretrial conference with Judge Shadur and then ultimately his unavailability due to his illness.

<strong>Respectfully Submitted,</strong>

<u>**Attorney for the Plaintiffs**</u>

\_\_\_/s/ John C. Ireland_____
John C. Ireland
The Law Office Of John C. Ireland
636 Spruce Street
South Elgin ILL
60177

630-464-9675
Facsimile 630-206-0889
attorneyireland@gmail.com
Attorney Number # 628137

**Attorney for Defendant**


\_\_/s/  L. Steven Platt_____
L. Steven Platt
ROBBINS, SALOMON & PATT, LTD.
180 N. LaSalle, Suite 3300
Chicago IL 60601
(312) 782-9000
(312) 783-6699 - fax
lsplatt@rsplaw.com
Attorney No. 3122005